(No. 12525.—Judgment affirmed.)

EDITH H. BAILEY, Exrx., Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(L. D. WOLFORD, Defendant in Error.)

*Opinion filed February 20, 1919.*

1. WORKMEN'S COMPENSATION—*whether second accident was an intervening cause of injury is a question of fact.* Where an employee who has fractured his leg while engaged in an occupation coming under the Workmen's Compensation act, and who has but partially recovered, falls while walking on a sidewalk and again breaks his leg at the point of previous fracture, the question whether the accident was an independent intervening cause of injury is one of fact, which is settled by the decision of the Industrial Commission if based upon any competent evidence.

2. SAME—*when courts are bound by decision of the Industrial Commission.* If there is in the record sufficient competent evidence to sustain an award and the action of the Industrial Commission affirming it, the circuit court and the Supreme Court, in the absence of fraud, are bound by the decision of the commission.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

J. C. M. CLOW, and GRAHAM & GRAHAM, for plaintiff in error.

TEMPLEMAN & TEMPLEMAN, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This is a writ of error to the circuit court of Sangamon county to review a judgment of that court affirming an award of the Industrial Commission of Illinois, brought to the circuit court by *certiorari.*

Defendant in error, L. D. Wolford, was employed by G. H. Harnett, now deceased. It is conceded by both parties to this suit that Wolford and his employer were under the Workmen's Compensation act of Illinois and subject to its provisions and that the accident arose out of and in course of the employment. On September 9, 1916, while so engaged, the defendant in error fell from a scaffold about thirty feet high and suffered a compound fracture of the right femur a few inches above the knee. He was taken to the Springfield Hospital and remained there until sufficiently recovered to go to the home of his sister in Springfield. While convalescing he suffered a re-fracture in removing his trousers. The fracture was again reduced, and in June, 1917, with the aid of crutches he was able to be about and make daily visits to the doctor's office for treatment, which consisted in the main of massage and manipulation of the knee joint. Some time during the month of June he returned to his home at Bluffs and remained there until about the 8th or 9th of September following. During this time he was able to move about by the aid of two canes but was not able to return to work. On the 8th of September he returned to Springfield. On the evening of September 10, while walking on East Capitol avenue, he suddenly and unexpectedly stepped off into an alley intersecting this street, the surface of the alley being six or seven inches below the surface of the sidewalk. He fell and broke his leg at the point of the original fracture. It is conceded that until that time his condition was improving. He was not able to resume work until May 4, 1918, when he took a clerical position with the Wabash Railroad Company at Bluffs at a salary of $50 per month. The medical testimony shows that at the time he returned to Springfield the bony union was firm and strong, and in the judgment of the attending physician two or more months would have been sufficient for full

recovery, except for the stiffness of the knee joint and some shortness of the limb.

Wolford's average weekly wage was $21.18. Compensation for 48 weeks from September 16, 1916, at half of the weekly wage, amounting to $508.32, has been paid. Further payment after September 10 was refused, and defendant in error for the first time filed his petition before the Industrial Commission. On a hearing before the arbitrator Wolford was given temporary total disability for 82 weeks, or up to May 4, 1918, being 34 weeks in addition to the amount paid. The award also provided for a further payment for 334 weeks at $5.59 per week for partial permanent disability, being half of the difference between the average weekly earnings at the time of the original injury and Wolford's present earning capacity. On review the Industrial Commission affirmed the award.

It is contended by plaintiff in error that the award for the additional 34 weeks' temporary total disability is excessive; that the further award for 334 weeks at $5.59 per week for partial permanent disability is excessive, for the reason that the accident on the night of September 10, 1917, was an independent intervening occurrence and did not arise out of Wolford's employment, and that the plaintiff in error is not liable for the increased disability and extended period of incapacity resulting from said accident, for the reason that the time of disability was extended by the independent intervening cause. It is contended by the defendant in error that the claim of excessive damages is a question of fact and not of law, and for that reason the contentions of plaintiff in error are not proper for this court to consider.

The repair and strength of the bone at the point of the fracture increased gradually, until by June, 1917, Wolford was able to make daily visits to the doctor's office for treatment. He concedes that the only treatment then required

286 — 40

or given was massage and manipulation of the knee joint. Such treatment was to restore the mobility lost by being so long in the healing process. It was evidently consistent with the treatment and in furtherance of the process of healing for Wolford to use the limb and to walk about, aided by crutches and cane. By going to Bluffs he would, of necessity, be deprived of the massage treatment. It is not urged by the plaintiff in error, nor does the evidence show or tend to show, that Wolford persisted in unsanitary or injurious practices which tended to either imperil or retard his recovery, nor did he refuse to submit to such medical or surgical treatment as was reasonably essential to promote his recovery, by either of which practices the compensation would, at the discretion of the Industrial Commission, on application therefor, be reduced. It is urged that the further accident on September 10 was an independent, intervening cause of injury. This was a question of fact. The Industrial Commission found it was not. There was evidence before that body tending to show that defendant in error had but partially recovered and that his fall and further injury were due to the original injury and the fact that he had not recovered therefrom. There is in the record sufficient competent legal evidence to sustain the award and the action of the Industrial Commission affirming the same. In the absence of fraud the circuit court and the Supreme Court are bound by the decision of the Industrial Commission if there is any legal evidence to support it. *Munn* v. *Industrial Board,* 274 Ill. 70; *Parker-Washington Co.* v. *Industrial Board,* 274 id. 498; *Victor Chemical Works* v. *Industrial Board,* 274 id. 11; *Pekin Cooperage Co.* v. *Industrial Com.* 285 id. 31.

The circuit court did not err in affirming the award of the Industrial Commission, and the judgment of said court will be affirmed.

*Judgment affirmed.*