Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ANTHONY PHILLIPS, Respondent, for Compensation under the Workmen's Compensation Law, *v.* HOLMES EXPRESS COMPANY, Employer, and ÆTNA LIFE INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, December 29, 1919.

Workmen's Compensation Law — fracture of claimant's arm — subsequent parting of fracture not caused by any accident at time — liability of original insurer.

Where the claimant suffered a fracture of his arm in May, and a few days after he had returned to work in September the fracture parted while he was endeavoring to crank an automobile, and the evidence establishes that no injury would have resulted from cranking the automobile if it had not been for the accident in May, the entire liability must be borne by the insurer of the employee at the time of the first fracture, though in the meantime the policy expired and insurance was taken out in another company.

LYON, J., and JOHN M. KELLOGG, P. J., dissent, with opinion.

APPEAL by the defendants, Holmes Express Company and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 2d day of May, 1919.

*James B. Henney* [*William H. Foster* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, J.:

While it may be that part of the disability results from what occurred September 7, 1918, the evidence is nevertheless clearly persuasive if not conclusive that nothing would have occurred on September seventh, if it had not been for the accident on May 13, 1918. The Commission finds that on September seventh, while attempting to crank an automobile as the claimant " took hold of the crank handle the fracture which he had sustained on May 13, 1918, again

parted." The evidence justifies no other finding. There was no accident on September seventh, except as the condition caused by the accident in May was made worse. Clearly if the claimant had not broken his arm in May he would have sustained no injury in September. That is entirely clear from the record. It is just that the first insurer should bear the entire liability and it is unjust that the claimant should be subjected to the delay and annoyance of an attempted adjustment of liability between the two insurance carriers.

All concur, except LYON, J., who votes to remit the matter to the Commission for further consideration and for additional findings as to the cause of the present injury and the liability therefor, with an opinion in which JOHN M. KELLOGG, P. J., concurs.

LYON, J.:

On May 13, 1918, the claimant, who was a chauffeur in the employ of the Holmes Express Company, sustained a fracture of his right forearm while cranking an automobile. The accident arose out of and in the course of his employment. His employer was insured in the Ætna Life Insurance Company and paid him compensation until September 3, 1918. He returned to work for the Holmes Express Company on that day under the advice of the surgeon of the Ætna Life Insurance Company that he was well enough to work, and would be better off for working, although the claimant told the surgeon he did not feel able to work. On September 7, 1918, as a result of again attempting to crank an automobile the fracture parted and he sustained the loss of the use of one-third of his right hand. Concededly the accident arose out of and in the course of his employment. Sometime between May thirteenth and September seventh, but the record is silent as to the exact date, the insurance in the Ætna Life Insurance Company expired and the employer took insurance in the Maryland Casualty Company. The State Industrial Commission awarded compensation of $1,100 against the Holmes Express Company and the Ætna Life Insurance Company. From the award the employer and insurer appeal.

In many cases we have held that where the claimant was not in good bodily condition, nevertheless the insurer took the man as he was, and have affirmed recoveries for the full amount. The State Industrial Commission held in the case of *Herald* v. *Cohen & Symansky*, and the decision was unanimously affirmed by this court (186 App. Div. 933), that where a laborer met with an accident dislocating his hip and was confined to the hospital for two months, and three weeks later, having returned to his work, his hip was redislocated, this time with a fracture resulting in a permanently bad leg, in the meantime the policy under which he had received compensation had expired, and the insurer claiming the second dislocation to be a separate and distinct accident, the second dislocation was in consequence of the first and made an award of compensation to the claimant. In the present case the Commission has found claimant sustained the loss of the use of one-third of the right hand as the result of the accident of September seventh. But the medical report shows that the limitation in supination of the forearm is in consequence of the injury in May. The defect in the muscular grasping power of the hand and the slight restriction of wrist joint is in consequence of the injury in September. From this it is apparent that the present disability exists by reason of the two accidents, and hence the compensation should be payable by both insurers. The case should, therefore, be sent back to the Commission to determine the extent of the disability occasioned by each accident.

The case should be remitted to the State Industrial Commission for further consideration, and for additional findings as to the cause of the present injury, and the liability therefor.

JOHN M. KELLOGG, P. J., concurs.

Award affirmed.