WILLIAM WITCHEKOWSKI *vs.* THE FALLS COMPANY ET ALS.

* First Judicial District, Hartford, January Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The Workmen's Compensation Act (§§ 5369 and 5371 of the General Statutes) requires that every policy of compensation insurance shall cover the entire liability imposed upon the employer by Part B of the Act, and, under § 5406, every policy is conclusively presumed to do so, as between an injured employee and the insurer.

A policy which applies to all injuries occurring during the policy period, and obligates the insurer to make all payments consequent upon such injuries, *would seem* to cover the entire liability of the employer.

Where the policy of the L. Co. expired on August 1st and that of the A. Co. commenced on that day, and both contained a provision restricting their application to injuries "sustained by reason of accident occurring during the policy period," the L. Co. was liable for all expenses and compensation for disability awarded to an employee who suffered his injury on May 25th but was not disabled thereby until September 19th; and the A. Co. was not liable for any part of the award.

The prime consideration which should govern a compensation commissioner in exercising the discretion conferred upon him by § 5405 of the General Statutes, to make his award against the employer, the insurer, or both, is the interest of the employee, which is usually best served by an award against both, for this establishes a joint and several liability and may be enforced

* Transferred from Second Judicial District.

against either or both until satisfaction is secured; and where, as in the present case, the insurer is disputing its liability, an award against it alone, likely to be followed by a postponement of the payment justly due to the employee, constitutes an abuse of discretion.

A compensation commissioner has no jurisdiction to determine which of two insurers is liable for payments already made by the employer.

Argued January 7th—decided March 5th, 1927.

APPEAL by the defendants The Falls Company and American Mutual Liability Insurance Company from a finding and award of the compensation commissioner for the second district in favor of the plaintiff, taken to the Superior Court in New London County and tried to the court, *Avery, J.;* judgment rendered dismissing the appeal and affirming the award, from which these defendants appealed. *Error, judgment set aside, and cause remanded with direction to sustain the appeal and return the case to the commissioner for further action in accordance with the opinion.*

*Edward J. Myers,* for the appellants (defendants The Falls Company and American Mutual Liability Insurance Company).

*Charles V. James,* with whom, on the brief, was *Arthur M. Brown,* for the appellee (plaintiff).

MALTBIE, J. The compensation commissioner found that the plaintiff suffered an injury arising out of and in the course of his employment, and decided that he was entitled to receive compensation therefor, and no question is raised as to the correctness of that portion of the award. The injury was caused by a truck passing over the plaintiff's foot. This occurred on May 25th, 1923, but he was not disabled until September 19th, 1923, and the compensation awarded was for

disability thereafter suffered. On May 25th, 1923, the employer carried a policy of insurance covering his liability under the Workmen's Compensation Act, which had been issued by the Liberty Mutual Insurance Company of Providence, Rhode Island, but that policy was so written that the period of its duration expired on August 1st, 1923. Thereafter the employer carried a similar policy issued by the appellant American Mutual Liability Insurance Company. The award of the commissioner provided that all reasonable medical, surgical and hospital bills incurred by the plaintiff and furnished by the employer should be paid one half by each of the two insurers above named, and that they should also pay the compensation awarded the plaintiff in the same proportion. From this award the American Mutual Liability Insurance Company has appealed to the Superior Court and, that court having sustained the award, it now brings this appeal before us.

Both the commissioner and the trial court determined the controversy solely upon the basis of certain provisions of the statutes. These require that every policy issued to an employer under the Workmen's Compensation Act shall be so drawn as to cover the entire liability of the employer under Part B of the Act; General Statutes, §§ 5369, 5371; and that as between an injured employee and an insurer such a policy shall be conclusively presumed to cover the entire liability of the employer. General Statutes, § 5406. The purpose of these provisions is to make certain that an employer shall at all times be in a position to fulfil all his obligations to his employees under the Act. Each of the policies issued by the insurers in this case stated an agreement to pay promptly to any person entitled thereto the entire amount due under the Workmen's Compensation Act in conse-

quence of the obligation imposed upon or accepted by the employer to make compensation for injuries under its provisions; and then provided that the policy should apply only to injuries "sustained by reason of accident occurring during the Policy Period." The policy issued by the Liberty Mutual Insurance Company fixed as the termination of its policy period, August 1st, 1923, and that issued by the appellant the American Mutual Liability Insurance Company fixed the same date as the beginning of its policy period. As to any injury occurring within the policy period it fixed, each policy complied with the requirements of the statutes; indeed, the provision by which the scope of the risk carried was made to turn upon the occurrence of any injury within the policy period, taken in conjunction with the other provisions obligating the insured to make all payments consequent upon such an injury under the terms of the Act, would seem to be the apt way by which effectively to cover the entire liability of the employer and to protect the employee. Which of the two insurers would be obligated to make the payments consequent upon an injury would have to be determined by the provisions of the policies. The accident which caused the plaintiff's disabilities did not occur during the policy period covered by the policy issued by the appellant, and the fact that the disability did not result until after the beginning of that period would not make the appellant liable for the payments due in consequence thereof. *Phillips* v. *Holmes Express Co.*, 190 N. Y. App. Div. 336, 179 N. Y. Supp. 400. The Superior Court was in error in dismissing the appeal.

The statute provides that the commissioner may make his award directly against the employer, the insurer, or both. General Statutes, § 5405. An award against both establishes a joint and several liability

and may be enforced against either or both until satisfaction is secured. *Schultz* v. *United States Fidelity & Guaranty Co.*, 201 N. Y. 230, 233, 94 N. E. 601; General Statutes, § 5403. Whether an award should be made against an insurer alone rather than against the employer alone or against both is a matter of discretion vested in the commissioner, but in the exercise of that discretion the first consideration must be the interest of the injured employee. Where an insurer is seriously disputing its liability with the employer or with another insurer, an award against the insurer alone can hardly fail to result in a postponement of the payment to the employee of sums to which, as here, he may clearly be entitled; and where that is likely to result it is an abuse of discretion on the part of the commissioner to make such an award. *Phillips* v. *Holmes Express Co.*, 190 N. Y. App. Div. 336, 179 N. Y. Supp. 400. There are probably few cases in which the exercise of this discretion on the part of the commissioner would not dictate an award against both employer and insurer. Moreover, for the commissioner to attempt to determine, as was done in the award before us, which of two insurers is liable for payments already made by the employer was clearly to exceed his jurisdiction. *Hargraves* v. *Shelvin Mfg. Co.*, 179 N. Y. App. Div. 477, 165 N. Y. Supp. 960. Under the provisions of the policy it had issued, the Liberty Mutual Insurance Company would apparently be liable for all payments required by the Compensation Act to be made to the plaintiff in consequence of his injury. To remand the proceeding to the commissioner with direction to affirm the award except as to the liability imposed upon the appellant American Mutual Liability Company would be to defeat in part the just claim of the plaintiff, and to approve an award some provisions of which are beyond the jurisdiction

of the commissioner, and the whole of which is made faulty by an abuse of discretion upon his part. Under such circumstances, the Superior Court should sustain the appeal and return the case to the commissioner for the making of an award against the employer alone, or against him and any insurer which may be found to have issued to the employer a policy covering liability for the injury in question. *Thompson* v. *Twiss*, 90 Conn. 444, 446, 97 Atl. 328; *Cormican* v. *McMahon*, 102 Conn. 234, 238, 128 Atl. 709.

There is error, the judgment is set aside, and the cause remanded to the Superior Court with direction to sustain the appeal and return the case to the commissioner for further action in accordance with this opinion.

In this opinion the other judges concurred.