AETNA LIFE INSURANCE COMPANY *v.* LLOYD L. BITTINGER ET AL.

[No. 31, April Term, 1930.]

*Decided June 11th, 1930.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*William D. Macmillan,* with whom were *Harold Tschudi, F. Brooke Whiting,* and *Semmes, Bowen & Semmes,* on the brief, for the Aetna Life Insurance Company, appellant.

*George Henderson,* for the Hartford Accident & Indemnity Company, appellee.

*Elmer J. Carter* and *H. Taylor Smith,* submitting on brief, for Lloyd L. Bittinger, appellee.

SLOAN, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Allegany County affirming, on appeal to that court, an order of the Industrial Accident Commission awarding compensation to Lloyd L. Bittinger, claimant, and appellee, against George F. Hazelwood, employer, and the Aetna Life Insurance Company, insurer, appellants.

The claimant, Lloyd L. Bittinger, while in the employ of George F. Hazelwood, a builder, had been awarded compensation from the Hartford Accident & Indemnity Company, for injuries sustained through an accident on August 12th, 1927. Following the accident he was·operated on three times by Dr. Blake of Cumberland, for hernias. Dr. Blake did not testify in the instant case. In June, 1928, the claimant returned to work for Mr. Hazelwood, and on July 16th, while carrying, with three other workmen, a panel for a runway, tripped and fell, bringing on a large inguinal hernia on the right side and a fairly large one on the left side, for which he was operated on by Dr. Frank Wilson of Cumberland. No question is raised about the injury resulting from an accident arising out of and in the course of employment.

A claim was filed with the Accident Commission and compensation was awarded against the Aetna Insurance Company, which was the insurer in July, 1928, the employer having changed insurers between the first and second accidents. From the award of the commission, the employer and the Aetna Company appealed.

The Hartford Company appears on the record as a party, but there is nothing in the record to show how it got to the circuit court, except that it was represented by counsel. It filed on the day of the trial of the appeal a motion to be dismissed as a party defendant, which was not acted upon. It remained in the case and through its counsel participated in the trial. It filed a brief in this court. On motion, the docket entries and titling were amended so as to make it an appellee, and its counsel argued the case, which was a contest between the two insurers, the Aetna Company contending that the injury sustained by the claimant on July 16th, 1928, was a

continuance or recurrence of the injuries suffered from the accident of August 12th, 1927, for which the Hartford Company would be responsible, the Hartford Company that the last was an independent accident occurring during the insurance of the Aetna Company, and that there was no evidence that the first accident was the proximate cause of the injuries following the second.

There are five exceptions in the record, four to rulings on the evidence and one (sixth) to the rulings on the prayers.

The first exception was to a question on cross-examination by the Hartford Company's attorney to the claimant, asking if he had not signed a final settlement receipt before he went back to work. The only reason the Aetna Company assigns against the allowance of the question was that such a receipt does not operate as a release, and that notwithstanding such a release a case may be reopened by the Accident Commission, and further compensation allowed. *Bramble v. Shields,* 146 Md. 494. The question was admissible as some evidence that the claimant had recovered from the effect of the injury for which compensation had been paid.

The second exception was on an objection sustained to a question put to Dr. Wilson by the attorney of the Aetna Company, after the doctor stated that he had heard the testimony of the claimant taken before the accident commission read at the trial, the question being: "Now assuming that that testimony was correct, will you please state * * * (and also from your knowledge of Mr. Bittinger from attending him and operating on him) whether or not the hernia from which he was suffering in July, 1928, was a recurrence of a former hernia, or was it a new hernia?" The trial judge stated, in ruling on the question, that he had no objection to its form, but that the ruling went to its merits. The question was objectionable because of its assumption of an accident resulting in a hernia, when there was no evidence of such a fact in the record, and also assumed the existence of a hernia in spite of the uncontradicted evidence in the record that the claimant had recovered from the first injury and returned to work, with no evidence that the second injury was a result of the

first. "The question should * * * have stated all the facts which had a direct and essential relation to the matter upon which the witness was asked to express an opinion." *Gordon v. Opalecky,* 152 Md. 536, 546, and cases there cited. Compare *Stewart v. Howell,* 136 Md. 423, 430. If there had been error in the court's ruling (which we think there was not), it would have been cured by a question to Dr. Wilson by the Aetna Company, allowed over the objection of the Hartford Company, as follows: "Could such an injury as the claimant received in 1927, or such an accident as the claimant received or suffered in 1927, cause the injury in 1928 ?" to which the doctor replied: "I don't know what the accident was," the answer being direct evidence of the want of a fact assumed in the question which is the subject of the second exception.

The third exception was on a ruling allowing the Hartford Company's attorney to ask Dr. Wilson on cross-examination, "Could the hernia which you found in August or September of that year (1928) be caused by or result from such an accident as he has testified to on July 16th, 1928 ?" to which he answered, "I say it could." The witness was on cross-examination, and the inquiry was as to whether the accident of July 16th, 1928, caused the injury for which compensation was claimed, and was directed to the claimant's physician and was responsive to the matter of his direct examination. It would not have been proper for the Aetna Company's attorney to have so framed a question on direct examination, as the answer to such a question would not have established the fact for submission to the jury. The question, the objection to which was sustained and is the fifth exception (there being no fourth in the record), was open to this criticism. It further assumed the fact of the former accident, of which the witness had said he had no knowledge, and the ruling, therefore, is approved.

There were two issues submitted to the jury as follows: (1) "Did the accident which occurred to the claimant on the 12th day of August, 1927, cause the injury from which the claimant suffered after the 16th day of July, 1928"? (2)

"Did the accident which occurred to the claimant on the 16th day of July, 1928, cause the injury from which the claimant suffered after the 16th day of July 1928"?

At the conclusion of the evidence the Hartford Accident & Indemnity Company offered a prayer "to instruct the jury that under the issues and evidence in this case there is no legally sufficient evidence to show that the accident of August 12th, 1927, caused claimant's disability after July 16th, 1928, and their answer to the first issue must be "No," and their answer to the second issue must be "Yes," which was granted, and exception taken by the Aetna Insurance Company.

The only evidence offered as to the facts was the transcript of the claimant's testimony before the Accident Commission, and the oral testimony of Dr. Frank Wilson, the claimant's attending physician after the accident of July 16th, 1928.

The Aetna Company contends that the question involved in this case is one of fact as to whether the injuries suffered after July 16th, 1928, were the result of the accident of that day for which it would be responsible, or were caused by and the result of the accident of August 12th, 1927, for which the Hartford Accident & Indemnity Company would be chargeable. In support of this contention it relies upon the decisions in *Phillips v. Holmes Electric Co.,* 190 App. Div. 336, 179 N. Y. Supp. 400, 229 N. Y. 527; *Colvin v. Emmons,* 215 N. Y. 562; *United States Fidelity & Guar. Co. v. Industrial Accident Commn.,* 95 Cal. App. 186; *Head Drilling Co. v. Industrial Accident Commn.,* 177 Cal. 194; *Shell Oil Co. v. Industrial Accident Commn.,* 36 Cal. App. 463; *Reiss v. Northway Motor & Mfg. Co.,* 201 Mich. 90; *Adams v. Wood Co.,* 203 Mich. 673; and *Bailey v. Industrial Commn.,* 286 Ill. 623. An examination of the opinions in those cases shows that in each of them there was evidence that the proximate cause of the second injury was the first accident, and it thus became a question of fact for the jury to determine which accident was the proximate cause of the injury sustained, and for which compensation was being sought.

In this case the effort of the Aetna Company was to establish through Dr. Frank Wilson the fact of the first accident being the cause of the second injury, and he testified "I don't know what the accident was." There being no other testimony, there was, therefore, no legally sufficient evidence to go to the jury to show that the accident of August 12th, 1927, was the proximate cause of the injuries sustained by the claimant on July 16th, 1928, and the action of the court in directing a verdict or answer "No" on the first issue was proper.

The Hartford Company's prayer also asked a directed verdict or answer on the second issue, that the accident of July 16th, 1928, caused the injuries suffered by the claimant as a result of that accident, and this is what the Accident Commission found.

The failure of Dr. Wilson to attribute the injury of July 16th, 1928, to the accident of August 12th, 1927, left the case in the same condition as when it left the commission, and it followed that, the Aetna Company not having offered any legally sufficient evidence to charge the injury of July 16th, 1928, to the accident of August 12th, 1927, the court acted properly in directing a verdict or answer of "Yes" to the second issue.

Under the statute, Code, art. 101, sec. 56, on appeals from orders of the Accident Commission, "the decision of the commission shall be *prima facie* correct and the burden of proof shall be upon the party attacking the same." In the same section it is provided, that "upon the hearing of such an appeal the court shall, upon motion of either party filed with the clerk of the court according to the practice in civil cases, submit to a jury any question of fact involved in such case."

In this case the finding of the commission had been against the employer, George F. Hazelwood, and the Aetna Life Insurance Company, from which they appealed. On the trial of the issues, therefore, the order of the commission is *prima facie* correct, and the burden was on the insurer appealing, and on the appeal it, though defendant before the com-

mission, occupied the position, on the appeal, of plaintiff, with the right to open and close the evidence and arguments. *Jewel Tea Co. v. Weber*, 132 Md. 178.

It has been decided in many cases in this court that a prayer for a directed verdict cannot be granted at the instance of the party who carries the burden at the trial. *Bogatsky v. Swerdlin*, 152 Md. 18; *Todd v. Easton Furniture Co.*, 147 Md. 355; *Guyer v. Snyder*, 133 Md. 19; *Jewel Tea Co. v. Weber*, 132 Md. 182; *Lemp Brewing Co. v. Mantz*, 120 Md. 186; *Balto. & O. R. Co. v. State, use of Hendricks*, 104 Md. 76; *Calvert Bank v. J. Katz & Co.*, 102 Md. 56; *Balto. Consol. Ry. Co. v. State, use of O'Dea*, 91 Md. 506; *McCosker v. Banks*, 84 Md. 292; *Boyd v. McCann*, 10 Md. 118; *Charleston Ins. Co. v. Corner*, 2 Gill, 426. In *Jewel Tea Co. v. Weber*, 132 Md. 178, 182, it was stated that "the court was not authorized to say that the appellant had met the burden imposed on it, or to assume a fact to be found by the jury." In *Harrison v. Central Construction Co.*, 135 Md. 170, the claimant had been awarded compensation by the Accident Commission, the employer appealed, and on the appeal to the trial court a prayer had been granted at the instance of the appellant (employer), on whom the burden rested, for an instructed verdict for the employer on the ground that the claimant's injuries had not arisen out of and in the course of his employment, and this court there said: "The question as to whether an injury arose out of or in the course of the employment (a *concessum* in this case) is ordinarily, like negligence or want of probable cause, a mixed question of law and fact; but when the facts have been ascertained and agreed upon by the parties, or are undisputed and there is no dispute as to the inferences to be drawn from the facts, the question becomes one of law and may be decided by the court."

The case of *Bogatsky v. Swerdlin*, 152 Md. 18, was a contest between them, and their respective insurers, as to whether Heller, the claimant, was the employee of Swerdlin, a building contractor, or Bogatsky, a painter, and whether Bogatsky was an independent contractor or an employee of Swerdlin.

A claim had been filed by Heller against Swerdlin, and compensation awarded. Some time later, while compensation was being paid, Swerdlin petitioned the Accident Commission to reopen the case on the ground that Heller was the employee of Bogatsky, alleged to be an independent contractor, and on the rehearing the award was confirmed, and an appeal taken. At the trial of the appeal, the court granted several prayers at the instance of the appellant, on whom was cast the burden of overthrowing the order of the commission, declaring as a matter of law that Heller was the employee of Bogatsky and not of Swerdlin, and that Bogatsky was an independent contractor, and directed a verdict for the appellant on the issues. There, in an opinion by Judge Offutt, it was held that the issues "were issues to be decided in the first instance by the commission, and after that, on appeal, by a jury or by the court sitting as a jury, and not by the court in the exercise of its usual and ordinary functions," and that in that case there were no legal presumptions to aid the appellees (appellants below), but such presumptions as there were, were against them.

The granting of the prayer instructing the jury to find a verdict for the defendant on appeal (claimant before the commission) on the second issue did not violate the rule long followed in this court that a prayer for an instructed verdict cannot be granted at the instance of the party who carries the burden. The presumption was in favor of the finding of the commission, which was that the injury to the claimant on July 16th, 1928, was caused by the accident of that date. As the trial court had held that there was no legally sufficient evidence offered to disprove that fact, and found the claim was in the same condition as when it left the commission, there was nothing for the jury to decide.

For the reasons stated the order affirming the order of the commission of May 1st, 1929, will be affirmed.

*Order affirmed, with costs.*