In the Matter of the Claim of IVIE MCNAUGHT, Respondent, against LOURIS AMUSEMENT CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD* et al., Respondents.

Third Department, November 14, 1945.

*Bernard F. Farley,* attorney for appellants.

*Milton E. Haft,* attorney for claimant-respondent.

*Nathaniel L. Goldstein, Attorney-General (Irvin A. Snyder,* of counsel), for Workmen's Compensation Board, respondent.

LAWRENCE, J. The appeal in this case is to review a decision and award by the Workmen's Compensation Board.

On September 13, 1940, the claimant, Ivie McNaught, while engaged in the course of his regular employment, fell from a stepladder used at the employer's place of business. As a result of the fall claimant sustained injuries to his left arm and to his right leg. As a result of his injuries the right leg was amputated above the knee. He suffered a 100% permanent loss of the use of the right leg and a 25% permanent loss of the use of the left arm. An award was made for such injuries. As a

---

* By chapter 74 of the Laws of 1945, the functions of the State Industrial Board were transferred to the Workmen's Compensation Board created by said chapter.— [REP.

natural and unavoidable result of the injuries sustained on September 13, 1940, the claimant wore an artificial leg which was furnished by the employer in April, 1942. On June 2, 1942, a lump sum award was made against the appellants. Claimant experienced difficulty in adjusting himself to the use of the artificial limb. It gave him considerable trouble. Later he resumed work as a ticket collector for the same employer who, at that time, was insured by the Central Surety Insurance Company. On July 18, 1942, while claimant was working as such ticket collector, the artificial limb turned, or buckled, and gave way, causing claimant to lose his balance. In order to avoid falling, claimant grabbed hold of the ticket box, which upset, and claimant fell on the uninjured leg. In falling the ticket box struck the big toe of claimant's left foot. Later and on the evening of the same day, while claimant was undressing at his home, the artificial leg swung around and, as claimant was about to fall, he grabbed the bed and the same left toe became jammed under a caster of the bed. An award for the second injuries and consequent disability was made against the employer and the New Amsterdam Casualty Company. The Central Surety Insurance Company was released from liability.

Appellants in their brief concede that as a natural and unavoidable result of the accidental injury sustained on September 13, 1940, claimant wore an artificial leg, which was furnished by the employer, and that on July 18, 1942, while claimant was engaged in the regular course of his employment and while he was working for the same employer as a ticket chopper, the artificial leg, which was not properly fitted, gave way and caused claimant to lose his balance, and that, as he was about to fall, he grabbed a ticket box which came down and struck him on the big toe of the left foot, as a result of which he was caused to suffer gangrene of the big toe of the left foot, ulceration of the left foot and vasomotor discoloration of the left foot, especially the great and second toes, all of which caused him to be disabled.

In the last formal finding and decision of the board the injury sustained in claimant's home is not mentioned but such injury appears to have formed a partial basis for the award.

It is urged by appellants that the occurrence at the employer's theater on July 18, 1942, was an accident which arose out of and in the course of employment separate and distinct from any prior accident and that the carrier for the employer at that time is the only carrier liable for compensation benefits. Reliance is placed on *Matter of Anderson* v. *Babcock & Wilcox Co.* (256

N. Y. 146). In that case it appears that on December 3, 1926, the claimant fell from a scaffold and struck his left hip on the ground, causing a fracture of the ischium bone. An X-ray examination made later showed a good union. Claimant did light work for several weeks prior to August 8, 1927. On the last-mentioned date he was working as a laborer for a different employer, who was insured by a different carrier. While claimant was assisting other laborers in lifting a large timber the united bone separated. An award was made against the second employer and its carrier alone. The Appellate Division affirmed the award. (232 App. Div. 710.) The Court of Appeals reversed and remitted the case to the Industrial Board for further consideration and for additional findings as to the cause of the latter injury and the liability therefor. The Court of Appeals stated that it was obvious that the result would not have followed had it not been for the first injury but that it was immediately due to the strain caused by the heavy lifting.

In *Matter of Phillips* v. *Holmes Express Co.* (190 App. Div. 336, affd. 229 N. Y. 527) the claimant, a chauffeur, fractured his right forearm while cranking an automobile. Some time later he returned to work and while cranking a car, the fracture rebroke. At that time the employer was insured by a different carrier. An award was made against the first carrier, which award was affirmed by the Appellate Division and the Court of Appeals.

In the case at bar the Industrial Board has found that the disability resulting from the accident on July 18, 1942, was caused by a defective artificial leg and was a natural, unavoidable and consequential result of the first accident. The evidence justifies that conclusion.

All concur.

Decision and award affirmed, with costs to the Workmen's Compensation Board. [See *post*, p. 781, 866.]