In the Matter of JOHN WATFORD, Appellant, v. CONTINENTAL CAN COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board, filed November 24, 1972, which held that claimant's accidental injury of May 31, 1967 was consequential to a prior injury of August 7, 1959. Claimant injured his right knee on August 7, 1959 in a compensable work related accident, and was paid compensation benefits. He suffered a subsequent injury on May 31, 1967 when his right knee collapsed while he was reaching for a piece of paper on a drying machine and his hand caught in the machine resulting in partial amputation of the second, third, fourth and fifth fingers of his right hand. The board affirmed the referee's decision that the right hand injury of May 31, 1967 was consequential to the knee injury of August 7, 1959, and found a 30% loss of use of the right knee, and a 75% loss of use of the right hand. Appellant claimed that the injury to his hand was a new accident and not consequential to the prior accident. On this appeal, he raises the issue that when a claimant, after a compensable injury, returns to work for the same employer and sustains a subsequent injury which is consequential to the original injury but is also substantially related to the conditions of the subsequent employment, should the claimant's compensation rate be limited to the maximum rate in effect at the time of the original accident, or based on the rate in effect at the time of the subsequent accident? The board's finding that the second accident was consequential to the prior injury to the knee in 1959 and that there was no new accident in 1967 is correct. (*Matter of McNaught* v. *Louris Amusement Corp.*, 270 App. Div. 100, mot. for lv. to app. den. 295 N. Y. 990.) However, where a claimant suffers a more substantial injury on a date eight years after the original injury, it would seem only equitable that his rate of compensation should be computed on the basis of the rate in effect at the time of the subsequent injury. The employer's premiums for workmen's compensation coverage at the time of the 1967 consequential accident were based upon the prevailing wages and compensation rates as of that date. To permit the carrier to avoid its proper liability by paying benefits at rates established eight years earlier would unjustly enrich the carrier at the expense of the claimant. The 75% schedule loss of use of claimant's right hand should be paid to claimant at the rate in effect on May 31, 1967. Decision reversed, and matter remitted for findings not inconsistent herewith, with costs to appellant. Staley, Jr., J. P., Cooke, Sweeney and Main, JJ., concur; Reynolds, J., dissents and votes to affirm in the following

memorandum.  Reynolds, J. (dissenting).  I would affirm the decision of the Workmen's Compensation Board.