BRIAN STICKNEY *v.* SUNLIGHT CONSTRUCTION, INC., ET AL.
(AC 17181)

Spear, Hennessy and Sullivan, Js.

Argued March 4—officially released May 12, 1998

*John T. Scully,* for the appellant (defendant Commercial Union Insurance Companies).

*Jason M. Dodge,* for the appellee (defendant Aetna Casualty and Surety Company).

*Opinion*

SULLIVAN, J. The defendant Commercial Union Insurance Companies (Commercial Union) appeals from the decision of the workers' compensation review board (board) affirming the commissioner's decision to

open and modify a voluntary agreement between the plaintiff, Brian Stickney, and his employer, the defendant Sunlight Construction, Inc. (Sunlight), and to substitute Commercial Union for Aetna Casualty and Surety Company (Aetna) as the insurer of Stickney's claim.[1] On appeal, Commercial Union claims that the board improperly concluded that (1) the workers' compensation commission had jurisdiction to consider Aetna's motion to open the voluntary agreement, (2) Aetna was not estopped from denying coverage for failing to notify the commission of its cancellation of the workers' compensation insurance policy issued to Stickney's employer, (3) Aetna satisfied the criteria in General Statutes (Rev. to 1985) § 31-315[2] for opening a voluntary agreement, and (4) Aetna timely filed its motion to open the voluntary agreement. We conclude that the

---

[1] General Statutes § 31-296 provides in relevant part: "Voluntary agreements. If an employer and an injured employee . . . reach an agreement in regard to compensation, such agreement shall be submitted in writing to the commissioner by the employer with a statement of the time, place and nature of the injury upon which it is based; and, if such commissioner finds such agreement to conform to the provisions of this chapter in every regard, he shall so approve it. A copy of the agreement, with a statement of the commissioner's approval thereof, shall be delivered to each of the parties and thereafter it shall be as binding upon both parties as an award by the commissioner. . . ."

[2] General Statutes (Rev. to 1985) § 31-315 provides: "Modification of award or voluntary agreement. Any award of, or voluntary agreement concerning, compensation made under the provisions of this chapter shall be subject to modification, upon the request of either party and in accordance with the procedure for original determinations, whenever it appears to the compensation commissioner, after notice and hearing thereon, that the incapacity of an injured employee has increased, decreased or ceased, or that the measure of dependence on account of which the compensation is paid has changed, or that changed conditions of fact have arisen which necessitate a change of such agreement or award in order properly to carry out the spirit of this chapter. The commissioner shall also have the same power to open and modify an award as any court of the state has to open and modify a judgment of such court. The compensation commissioner shall retain jurisdiction over claims for compensation, awards and voluntary agreements, for any proper action thereon, during the whole compensation period applicable to the injury in question."

commission did not have jurisdiction to consider Aetna's motion to open and modify the voluntary agreement.[3]

The record reveals the following relevant facts and procedural history. On February 7, 1985, Stickney was injured during the course of his employment when he slipped and fell on a patch of ice. Thereafter, Sunlight filed through its insurance agent an injury report with Aetna. Aetna had issued a workers' compensation insurance policy to Sunlight for the period of April 11, 1984, through April 11, 1985, but canceled the policy for nonpayment of premium in December, 1984, prior to the date of Stickney's injury. Aetna failed to verify its coverage for this claim, however, and issued a voluntary agreement for payment of benefits to Stickney, which agreement was approved by the commission on June 2, 1986. It is undisputed that Aetna did not notify the board of commissioners of its cancellation of Sunlight's policy as required by General Statutes (Rev. to 1985) § 31-348.[4]

Subsequent to Aetna's cancellation, Sunlight procured workers' compensation insurance from Commercial Union. The Commercial Union policy covered the period from January 17, 1985, through January 17, 1986, and, therefore, was effective at the time of Stickney's

---

[3] Our conclusion makes it unnecessary to address the other issues raised by Commercial Union in this appeal.

[4] General Statutes (Rev. to 1985) § 31-348 provides: "Compensation insurance companies to report their risks. Every insurance company writing compensation insurance shall report in writing to the board of commissioners, in accordance with rules by them prescribed, the name of the person or corporation insured, including the state, the day on which the policy becomes effective and the date of its expiration, which report shall be made within one week from the date of the policy. The cancellation of any policy so written and reported shall not become effective until one week after notice of such cancellation has been filed with the commissioner or commissioners with whom such report is filed. Any insurance company violating any provision of this section shall be fined not less than one hundred nor more than one thousand dollars for each offense."

injury. It is undisputed, however, that Commercial Union never filed proof of coverage with the board of commissioners as required by § 31-348.

In 1991, when Stickney's claim was reactivated because of recurring symptoms, Aetna discovered that its policy with Sunlight had been canceled prior to the date of Stickney's injury. Consequently, Aetna filed with the commission a motion to open and modify the voluntary agreement on the ground that Aetna was not Sunlight's insurer at the time of Stickney's injury, and to substitute Commercial Union for Aetna in the voluntary agreement. In that motion, Aetna sought a determination of which insurer was responsible for Stickney's workers' compensation benefits and, if Commercial Union was adjudged responsible, Aetna sought reimbursement from Commercial Union of the benefits Aetna paid to Stickney.

A formal hearing was held on December 15, 1992. On May 13, 1993, the commissioner denied Aetna's motion on the ground that the commission did not have subject matter jurisdiction to decide which insurer was liable to pay the claim because that issue involved a determination of rights under contract law. Aetna appealed the commissioner's decision to the board and, on August 2, 1994, the board reversed the commissioner's decision and remanded the case for further proceedings on the merits of the remaining issues. On remand, the commissioner granted Aetna's motion to open the voluntary agreement and substituted Commercial Union in lieu of Aetna as the insurer of Stickney's claim. The board affirmed the commissioner's decision on April 25, 1997, and this appeal followed.

The standard of review in an appeal from a decision of the board is well settled. "The decision of the compensation review [board] must stand unless it results from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably

drawn from them." (Internal quotation marks omitted.) *Castro* v. *Viera*, 207 Conn. 420, 440, 541 A.2d 1216 (1988); *Infante* v. *Mansfield Construction Co.*, 47 Conn. App. 530, 537, 706 A.2d 984 (1998).

Commercial Union claims that the board improperly reversed the commissioner's finding that the commission lacked subject matter jurisdiction to decide issues of contract law because such issues are outside of the statutory authority of the commission.[5] Aetna contends that the commissioner had jurisdiction to consider Aetna's motion to open under the broad equitable powers provided to the commissioner in §§ 31-315 and 31-278.[6]

"Jurisdiction of the [subject matter] is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. . . . It is a familiar principle that a court which

[5] As previously set out, the board reversed the commissioner's 1993 decision to deny Aetna's motion to open for lack of subject matter jurisdiction. Commercial Union did not, however, attempt to appeal from the board's decision at that time. This raises a question of whether the board's decision reversing and remanding the case to the commissioner constituted an appealable final judgment and, therefore, whether Commercial Union's present appeal is timely. See General Statutes § 31-301b; *Ericson* v. *Perreault Spring & Equipment Co.*, 38 Conn. App. 71, 72–73, 658 A.2d 982 (1995). In this regard, we note that this court may entertain appeals even if untimely and even where there is a timely motion to dismiss. See *Banks* v. *Thomas*, 241 Conn. 569, 586, 698 A.2d 268 (1997).

[6] General Statutes (Rev. to 1985) § 31-278 provides in relevant part: "Powers and duties of commissioners. Each commissioner shall, for the purposes of this chapter, have power to summon and examine under oath such witnesses, and may direct the production of, and examine or cause to be produced or examined, such books, records, vouchers, memoranda, documents, letters, contracts or other papers in relation to any matter at issue as he may find proper, and shall have the same powers in reference thereto as are vested in magistrates taking depositions and shall have the power to order depositions pursuant to section 52-148. He shall have power to certify to official acts and shall have all powers necessary to enable him to perform the duties imposed upon him by the provisions of this chapter. . . ."

exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation. . . .

"This concept, however, is not limited to courts. Administrative agencies [such as the commission] are tribunals of limited jurisdiction and their jurisdiction is dependent entirely upon the validity of the statutes vesting them with power and they cannot confer jurisdiction upon themselves." (Internal quotation marks omitted.) *Figueroa* v. *C & S Ball Bearing*, 237 Conn. 1, 4, 675 A.2d 845 (1996). Our Supreme Court has "previously observed that the workers' compensation commission, like any administrative body, must act strictly within its statutory authority . . . . It cannot modify, abridge, or otherwise change the statutory provisions under which it acquires authority unless the statutes expressly grant it that power. . . . [Id.], citing *Castro* v. *Viera*, [supra, 207 Conn. 428]. A commissioner may exercise jurisdiction to hear a claim only under the precise circumstances and in the manner particularly prescribed by the enabling legislation. *Heiser* v. *Morgan Guaranty Trust Co.*, 150 Conn. 563, 565, 192 A.2d 44 (1963); see also *Kinney* v. *State*, 213 Conn. 54, 60, 566 A.2d 670 (1989). [I]t is settled law that the commissioner's jurisdiction is confined by the [Workers' Compensation Act] and limited by its provisions. . . . *Gagnon* v. *United Aircraft Corp.*, 159 Conn. 302, 305, 268 A.2d 660 (1970)." (Internal quotation marks omitted.) *Discuillo* v. *Stone & Webster*, 242 Conn. 570, 576, 698 A.2d 873 (1997). A workers' compensation commissioner is not an "article fifth" judge. *Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 148, 93 A. 245 (1915).[7]

---

[7] Article fifth, § 1, of the constitution of Connecticut provides: "The judicial power of the state shall be vested in a supreme court, a superior court, and such lower courts as the general assembly shall, from time to time, ordain and establish. The powers and jurisdiction of these courts shall be defined by law."

Aetna's contention that §§ 31-278 and 31-315 confer jurisdiction on the commissioner is without merit. Section 31-278 simply states that a commissioner "shall have all powers necessary to enable him to perform the duties imposed upon him by the provisions of this chapter. . . ." That section merely describes the procedural powers conferred on the commissioner by the Workers' Compensation Act to enable him to fulfill his duties thereunder. Section 31-315[8] provides that voluntary agreements are subject to modification on the request of either party where "the incapacity of an injured employee has increased, decreased or ceased, or that the measure of dependence on account of which the compensation is paid has changed, or that changed conditions of fact have arisen which necessitate a change of such agreement . . . in order properly to carry out the spirit of this chapter." In such cases, the commissioner retains jurisdiction over the agreements for the compensation period applicable to the injury in question. General Statutes § 31-296 specifies that the voluntary agreement is between the "employer and an injured employee," and § 31-315 specifies that "parties" may request modification of such an agreement. In this regard, we note that Aetna is not a signatory to the voluntary agreement and conclude that it has no standing to raise insurance coverage claims in a motion for modification. In addition, the change Aetna sought to effect in the terms of the agreement does not affect the injured employee and therefore is not within the purview of § 31-315.

The compensation act involves the legal relationship between employers and employees. Aetna's argument in this case ignores the well settled rule that "Workmen's Compensation Acts such as ours are founded upon the theory of a contract existing *between the workman and employer* . . . ." (Emphasis added.) *Powers*

---

[8] See footnote 2.

v. *Hotel Bond Co.*, supra, 89 Conn. 145. "The purpose of the act is to compensate employees for injuries arising out of and in the course of employment, without regard to fault, by imposing a form of strict liability on employers." (Internal quotation marks omitted.) *Crochiere* v. *Board of Education*, 227 Conn. 333, 349, 630 A.2d 1027 (1993). Under the act, "the employee surrenders his right to bring a common law action against the employer, thereby limiting the employer's liability to the statutory amount. . . . In return, the employee is compensated for his or her losses without having to prove liability. . . . In a word, these statutes compromise an employee's right to a common law tort action for [work-related] injuries in return for relatively quick and certain compensation." (Citations omitted; internal quotation marks omitted.) *Dodd* v. *Middlesex Mutual Assurance Co.*, 242 Conn. 375, 381, 698 A.2d 859 (1997). General Statutes § 31-297 gives the commission the authority to hear claims between an employer and an injured employee where a right to compensation exists. Commercial Union's liability in the case, if any, involves issues of contract law independent of the rights of the injured employee and his employer.

The foregoing principles are evident in our Supreme Court's decision in *Witchekowski* v. *Falls Co.*, 105 Conn. 737, 136 A. 565 (1927). In *Witchekowski*, the plaintiff suffered a compensable injury on May 25, 1923, although he was not disabled therefrom until September 19, 1923. His employer carried a workers' compensation policy with Liberty Mutual Insurance Company, which expired on August 1, 1923, prior to the date of the plaintiff's disability. The employer carried a similar policy with American Mutual Liability Insurance Company for the period following August 1, 1923. The commissioner's award provided that all reasonable medical expenses incurred by the plaintiff should be paid one-half by each of the two insurers and that they should

also pay the compensation awarded to the plaintiff in the same proportion. American Mutual appealed from this decision. On appeal, our Supreme Court observed that "[w]hich of the two insurers would be obligated to make the payments consequent upon an injury would have to be determined by the provisions of the policies. The accident which caused the plaintiff's disabilities did not occur during the policy period covered by the policy issued by [American Mutual], and the fact that the disability did not result until after the beginning of that period would not make [American Mutual] liable for the payments due in consequence thereof." Id., 740. The court stated that the commissioner's attempt to determine which of the two insurers was liable for payments already made by the employer "was clearly to exceed his jurisdiction." Id., 741, citing *Hargraves v. George F. Shevlin Mfg. Co.*, 179 N.Y. App. Div. 477, 165 N.Y.S. 960 (1917).

The decision of the compensation review board is reversed and the case is remanded with direction to sustain the defendant Commercial Union Insurance Companies' appeal to the board.

In this opinion the other judges concurred.

